**DISANDRO–SMITH & ASSOCIATES, P.C., INC.**

v.

**EDRON COPIER SERVICE, INC., Edward Brummerlow and Roland Brummerlow.**

Civ. A. No. 88–0323 P.

United States District Court, D. Rhode Island.

Oct. 3, 1989.

Anthony J. Giafrancesco, Providence, R.I., for plaintiff.

Gary D. Berkowitz, Pawtucket, R.I., for defendants.

## OPINION AND ORDER

PETTINE, Senior District Judge.

Defendants have moved to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b)(1). Though the motion to dismiss recites Rule 12(b)(1), I consider it to be more appropriately a 12(b)(6) action and will proceed on this basis. A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."

Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In deciding whether to dismiss under Fed.R.Civ.P. 12(b)(6), factual allegations of the complaint are to be accepted as true and reasonable factual inferences will be drawn to aid the plaintiff.

The plaintiff's complaint includes a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sections 1961–68, and state law claims involving fraud and breach of contract.

Plaintiff is a Rhode Island professional corporation. Defendant Edron Copier Service, Inc., is a Delaware corporation doing business in the State of Rhode Island, and defendants Edward Brummerlow and Roland Brummerlow are residents of Massachusetts. Plaintiff has in good faith alleged an amount in controversy greater than $10,000. Therefore, the Court has jurisdiction over all claims pursuant to 28 U.S.C. Section 1332.

### Background

According to the complaint, the defendants sold to the plaintiff a Toshiba BD 5620 copy machine, representing that it was new when, in fact, it was used. In addition, plaintiff alleges defendants had earlier sold the same machine to Parkman, Inc., a Massachusetts corporation, as new, when it was, in fact, used.

The matter was originally referred to the Magistrate, who recommended that I grant the motion to dismiss. The plaintiff duly objected, and the motion is now before me for *de novo* review. I find that certain counts should be dismissed, but for reasons somewhat different from the Magistrate's.

### The Allegations of "Racketeering Activity"

The RICO claim is premised on allegations that defendants Edward Brummerlow, Roland Brummerlow, and Edron Copier Service, Inc., conducted or participated in, directly or indirectly, "the conduct of Edron's affairs through a 'pattern of racketeering activity,' within the meaning of 18 U.S.C. Section 1961(5), by obtaining money

under false pretenses in violation of R.I. G.L. Section 11–41–4, a felony under Rhode Island law."

■ Obtaining money under false pretenses is not a "racketeering activity." As defined by 18 U.S.C. Section 1961(1):

(1) "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in narcotic or other dangerous drugs, which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of Title 18 United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), section 891–894 (relating to extortionate credit transactions), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), ... [1]

Although obtaining money under false pretenses violates State law (R.I.G.L. Section 11–41–4) and is punishable by imprisonment for more than one year, as required by section 1961(1)(A), it is not one of the acts specified in that subsection. Furthermore, plaintiff has not alleged that defendants committed any act indictable under any of the enumerated provisions of Title 18 of the United States Code, listed in section 1961(1)(B), nor has it alleged any act by the defendants which fits the categories of subsections (C), (D), or (E). Thus, the complaint fails to allege that defendants committed any of the acts enumerated as predicates to a RICO violation.

While I might be disposed to give plaintiff leave to amend the pleading to allege, if it can, specific actions by the defendants that constitute "racketeering activity" as defined in 18 U.S.C. Section 1961(1), I will not do so because I find that the acts alleged do not establish a "pattern of racketeering activity" under the United States Supreme Court's analysis in *H.J., Inc. v. Northwestern Bell Tel. Co.*, —— U.S. ——, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).

The Court in *H.J., Inc.* attempted to settle the split in the lower courts over the definition of "pattern" under RICO. The Court held "a pattern of racketeering activity" has two elements: relatedness and continuity. "RICO's legislative history," the Court said, "reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *Id.* 109 S.Ct. at 2900.

To define relatedness, the Court used a provision in Title X of the Organized Crime Control Act of 1970, Pub.L. No. 91–452, 84 Stat. 922 (RICO formed Title IX). Title X provides for enhanced sentences for defendants who have committed a prior felony as part of a pattern of criminal conduct or in furtherance of a conspiracy to engage in a pattern of criminal conduct. In the Court's view,

Congress defined Title X's pattern requirement solely in terms of the *relationship* of the defendant's criminal acts one to another: "criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." 18 U.S.C. Section 3575(e). We have no reason to suppose that Congress had in mind for RICO's pattern of racketeering component any more constrained a notion of the relationships between predicates that would suffice.

*H.J., Inc.*, 109, S.Ct. at 2901. By importing

---

**1.** This is an excerpt from the long list of enumerated activities. The parts not reproduced here describe activities that are not involved in this case.

the definition of "pattern" from Title X,[2] the Court, therefore, provided lower courts with a list of factors they might use to determine whether the predicate offenses are related. Unfortunately, *H.J., Inc.* does not provide much guidance as to the level of "relatedness" of the predicate acts necessary to find a RICO violation.

■ Relatedness of predicate acts alone is not enough to satisfy Section 1962's pattern element. "To establish a RICO pattern it must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, *continuing* racketeering activity." *Id.* at 2901. Some lower courts, prior to *H.J., Inc.*, had used a "multiple scheme" test to satisfy the "continuity" requirement. The Court rejected that test:

> [A]lthough proof that a RICO defendant has been involved in multiple criminal schemes would certainly be highly relevant to the inquiry into the continuity of the defendant's racketeering activity, it is implausible to suppose that Congress thought continuity might be shown *only* by proof of multiple schemes.
>
> ... We adopt a less inflexible approach that seems to us to derive from a common-sense, everyday understanding of RICO's language and Congress' gloss on it. What a plaintiff ... must prove is continuity of racketeering activity, or its threat, *simpliciter*. This may be done in a variety of ways, thus making it difficult to formulate any general test for continuity. We can, however, begin to delineate the requirement.
>
> "Continuity" is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.... A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substan-

tial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct. Often a RICO action will be brought before continuity can be established in this way. In such cases, liability depends on whether the *threat* of continuity is demonstrated.

*Id.* at 2901–02 (citation omitted).

■ The Supreme Court realized that "[t]he limits of the relationship and continuity concepts that combine to define a RICO pattern, and the precise methods by which relatedness and continuity or its threat may be proved, cannot be fixed in advance with such clarity that it will always be apparent whether in a particular case a 'pattern of racketeering activity' exists. The development of these concepts must await future cases, absent a decision by Congress to revisit RICO to provide clearer guidance as to the Act's intended scope." *Id.* at 2902. The determination of a "pattern of racketeering activity" is to be made on a case-by-case basis.

### Analysis

■ On the facts alleged by plaintiff, I find that the element of continuity or threat of continuity is utterly lacking in this case. Plaintiff states that it entered an agreement with defendant corporation, Edron Copier Service, Inc., in January 1988, whereby Edron was to sell to plaintiff a new Toshiba BD 5620 copy machine for $4,200. Edron delivered a Toshiba BD 5620 copy machine to plaintiff, which plaintiff learned was a used machine. Plaintiff also learned that this machine had been sold earlier to Parkman, Inc., a Massachusetts corporation, as new, when it was used.

For these acts to constitute a RICO violation, they must be "a series of predicates

---

**2.** Justice Scalia, writing for four Justices in concurrence, criticized the importation of this definition from Title X into Title IX, as contrary to normal rules of statutory construction. *See H.J., Inc.,* 109 S.Ct. at 2907. Further, he found the definition provided by Section 3575(e) to be utterly uninformative: "I doubt that the lower courts will find the Court's instructions much more helpful than telling them to look for a 'pattern'—which is what the statute already says." *Id.*

extending over a substantial period of time." *Id.* The acts in this case do not fulfill this requirement. Plaintiff claims the copy machine was manufactured in July 1986. Therefore, the sale to Parkman, Inc., necessarily occurred after July 1, 1986. In the memorandum of law attached to plaintiff's objection to the Report and Recommendation of the Magistrate, plaintiff refers to the affidavit of Z. Hershel Smith, a principal of plaintiff's corporation, wherein Smith stated, "I have obtained information regarding three (3) separate transactions, wherein the defendant sold used copy machines as new." This allegation does not specify a date for the third sale. Since the affidavit was executed on or about June 22, 1988, this transaction must have occurred sometime before that date. Therefore, the three sales that form the basis for the RICO claim occurred between July 1, 1986 and June 22, 1988. Plaintiff's complaint states;

> 30. Beginning at a time unknown but at least as early as 1986 and extending through 1988, Edron has conducted or participated, directly or indirectly, in the conduct of the affairs of such enterprise through two separate but related schemes, constituting a pattern of racketeering, all as is alleged more specifically below.

This statement alleges that defendants participated in a closed period of racketeering activity, ending in 1988 with the sale of a copier to plaintiff. The acts alleged here—three sales of used copy machines as new within approximately two years—do not amount to the "long-term criminal conduct" that civil RICO is intended to redress.

Having found that plaintiff's allegations do not demonstrate the requisite "continuity" of RICO's pattern requirement, I need not evaluate the allegations according to the "relatedness" prong of the pattern requirement.

### Conclusion

Defendant Edron Copier's motion to dismiss is granted only as to Counts 1, 2, and 3, claiming RICO violations. The plaintiff's state law claims, breach of contract in Count 4 and fraudulent conveyance in Count 5, are not dismissed.